Roger C. FINFINGER, Petitioner

v.

UNEMPLOYMENT COMPENSATION
BOARD OF REVIEW,
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 2, 2004.
Decided July 15, 2004.

Roger C. Finfinger, petitioner, pro se.

Judith M. Gilroy, Harrisburg, for respondent.

Before: FRIEDMAN, Judge, and LEADBETTER, Judge, and KELLEY, Senior Judge.

OPINION BY Senior Judge KELLEY.

Roger C. Finfinger (Claimant) appeals *pro se* from an order of the Unemployment Compensation Board of Review (Board) which affirmed an order of a Referee denying Claimant benefits under the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§ 751–914. We affirm.

Claimant worked for Alta Telecom, Inc. (Employer) from January 5, 2001, through September 8, 2001, as a light wave test technician. Although Claimant accepted Employer's offer of employment from his home in Pennsylvania, Claimant worked in the states of Georgia, Tennessee, Illinois, Arkansas, Colorado, and Texas. Claimant performed no work in the Commonwealth of Pennsylvania.

On September 8, 2001, Claimant suffered a work-related injury, and thereafter began receiving Workers' Compensation (WC) benefits from the State of Georgia. While receiving those WC benefits, Claimant was laid off by Employer on February 22, 2002.

Claimant thereafter filed an unemployment claim in Pennsylvania with an effective date of July 13, 2003. The Erie Unemployment Compensation Service Center (Service Center) denied Claimant benefits pursuant to Section 401(a)[1] of the Law, and Section 204(b)[2] of the Pennsylvania Workers' Compensation Act (Act).[3] Claimant timely appealed the Service Center's determination to a Referee.

A hearing subsequently ensued before the Referee, at which both parties were represented by counsel and presented evidence and testimony. The Referee, by decision and order dated October 3, 2003, affirmed the Service Center's determination, denying Claimant benefits pursuant to Section 401(a) of the Law and Section 204(b) of the Act. Claimant timely appealed to the Board.

The Board took no further evidence, and affirmed the Referee's order, by order and decision dated November 14, 2003. Claimant now appeals the Board's order to this Court.

This Court's scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or necessary findings of fact were not supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Kirkwood v. Unem-*

---

1. Section 401(a) of the Law reads:
   Qualifications required to secure compensation
   Compensation shall be payable to any employe who is or becomes unemployed, and who—
   (a) Has, within his base year, been paid wages for employment as required by section 404(c) of this act: Provided, however, that not less than twenty per centum (20%) of the employe's total base year wages have been paid in one or more quarters, other than the highest quarter in such employe's base year.
   43 P.S. § 801(a) (footnote omitted).

2. Section 204(b) of the Act reads:

   For the exclusive purpose of determining eligibility for compensation under the ... "Unemployment Compensation Law," any employe who does not meet the monetary and credit week requirements under section 401(a) of [the Law] due to a work-related injury compensable under this act may elect to have his base year consist of the four complete calendar quarters immediately preceding the date of the work-related injury.
   77 P.S. § 71 (footnotes and citation omitted).

3. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 71.

*ployment Compensation Board of Review,* 106 Pa.Cmwlth. 92, 525 A.2d 841 (1987).

■ Claimant does not dispute the fact that he did not work, and did not have wages, during his base year period preceding his benefit application date of July 13, 2003. Undisputedly, Claimant was receiving Workers' Compensation benefits from the State of Georgia during this period, and thus is ineligible for benefits under the express terms of Section 401(a) of the Law.

■ However, Section 204(b) of the Act provides, for purposes of determining eligibility under the Law, an alternative qualifying basis for an employee who otherwise would not meet the monetary and credit week requirements of Section 401(a) of the Law. Such an employee, otherwise ineligible under Section 401(a) due to a work-related injury compensable under the Act, may elect to have his base year consist of the four complete calendar quarters immediately preceding the date of the work-related injury.

The Board noted, however, that it was the State of Georgia that determined that Claimant's injury was compensable under its applicable state law. The Board reasoned that Claimant's failure to file for Workers' Compensation benefits in Pennsylvania prevented him from meeting Section 204(b)'s requirement that he prove that his injury was compensable under the Act.

Claimant argues that he is not ineligible for benefits under the Law, as held in part by the Board, simply because he was not actually compensated under the Act. Claimant cites to *Richards v. Unemployment Compensation Board of Review,* 564 Pa. 375, 768 A.2d 852 (2001), for the proposition that it does not matter if the injury at issue actually was compensated under the Act, as long as it could have been.

In *Richards,* our Supreme Court examined the language of Section 204(b), with emphasis on the word, and concomitant concept, of a "compensable" injury as used in that Section, as opposed to a "compensated" injury—one that was actually the basis for an award of benefits under the Act. The Court therein expressly stated that an injury need not be actually compensated to be compensable under Section 204(b), but that, for purposes of determining whether the receipt of Act benefits may be used to establish a credit week for Law benefit eligibility purposes, an injury is not "compensable" unless it results in some disability or loss of earning power, in addition to a work-related injury. *Richards,* 564 Pa. at 383–384, 768 A.2d at 856–857.

We note, initially, that *Richards* is distinguishable from the matter *sub judice* in that the claimant in *Richards* was already receiving benefits under the Act, unlike Claimant in this matter. Claimant herein has apparently presented an issue of first impression for our Courts under the Law and under the Act.

The Supreme Court in *Richards* makes clear that a work-related injury need not be *compensated* under the Act for Law benefit eligibility purposes, but need merely be *compensable.* *Id.* at 384, 768 A.2d at 857. *Richards* reiterates that

> A compensable injury has acquired a particularized meaning through case law, which requires a claimant to demonstrate a causal relationship between the injury and employment to establish compensability ... Even with the necessary causal relationship, an injury is not compensable unless it results in some disability, i.e., a loss of earning power ... Furthermore, a work-related injury may not be compensable because it is barred by a procedural provision of the WCA. See 77 P.S. § 602 (requiring the filing of

a claim petition within three years of the date of injury); see also 77 P.S. § 631 (mandating the provision of notice to the employer within 120 days of the injury). *Id.,* at 384 n. 9, 768 A.2d at 857 n. 9.

■ However, in the instant matter, the record is bereft of evidence establishing that Claimant's injury is compensable under the Act, or our precedents construing the Act. In his brief to this Court, Claimant has offered no argument, and cites to no medical or other evidence, demonstrating a causal relationship between his injury and employment, or demonstrating any defined loss of earning power[4] as defined by the Act. As such, Claimant's argument on this point, while meritorious in concept, must fail on the record.[5]

■ Accordingly, we affirm.[6]

### ORDER

AND NOW, this 15th day of July, 2004, the order of the Unemployment Compensation Board of Review, dated November 14, 2003, at B–418920, is affirmed.

Judge FRIEDMAN concurs in the result only.

---

**4.** We note that a loss of earning power under the Act may be directly affected by Claimant's receipt of Georgia WC benefits, the details of which are not within the record. Further, Claimant has entered no evidence relating to compensability under the applicable Georgia law and its similarity or difference with the Act's requirements.

**5.** We are cognizant of the frequent necessity, and incumbent difficulty, of *pro se* representation by unemployed claimants in matters such as this. However, it is axiomatic that a lay-person who chooses to represent himself in a legal proceeding must assume the risk that his lack of expertise and legal training may prove to be his undoing. *Daly v. Unemployment Compensation Board of Review*, 158 Pa. Cmwlth. 130, 631 A.2d 720 (1993).

**6.** We may affirm a decision of the Board below if the result is correct on any ground, without regard to the basis relied upon by the Board. *Giant Eagle, Inc. v. Unemployment Compensation Board of Review*, 700 A.2d 600 (Pa.Cmwlth.1997).