IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gilbert M. Martinez,                         :
                         Appellant            :
                                              :   No. 1208 C.D. 2021
            v.                                :   Submitted: August 5, 2022
                                              :
City of Reading Police Department             :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE LORI A. DUMAS, Judge

OPINION BY
JUDGE DUMAS                                         FILED: February 8, 2023


Gilbert M. Martinez (Martinez) has appealed *pro se* from the order entered by the Court of Common Pleas of Berks County (trial court) that dismissed his petition to obtain police body camera footage from the City of Reading Police Department (the Department) pursuant to Act 22 of 2017[1] and his petition seeking *in forma pauperis* (IFP) status. The trial court dismissed these petitions as moot following Martinez's acquittal of related summary harassment charges. After careful review, we affirm the trial court's order.

## I. BACKGROUND[2]

Martinez was charged with summary harassment[3] following an incident that occurred on December 28, 2020. Subsequently, Martinez filed a request with the City of Reading (the City) and the Department pursuant to the Right-to-Know Law[4] (RTKL; the RTKL request), seeking copies of the police reports and body

---

[1] Act of July 7, 2017, P.L. 304. Act 22, which is codified at various sections of Titles 18 and 42 of the Pennsylvania consolidated statutes, creates an exclusive means of accessing audio and video recordings created by law enforcement. 42 Pa. C.S. § 67A02.

[2] Unless otherwise noted, we derive this statement of facts and procedural history from the trial court's opinion, which is supported by the record. *See* Trial Ct. Op., 1/14/22, at 1-5.

[3] 18 Pa. C.S. § 2709.

[4] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

camera footage of the incident. *See* Pet. for Judicial Rev., 3/8/21, at Ex. A.[5] The City denied the RTKL request, asserting that these records were exempt from disclosure as agency records related to a criminal or noncriminal investigation. *Id.*[6] Martinez resubmitted his application, challenging the City's denial, but the City instructed him to follow the specific procedure for requesting police body camera footage. *Id.*[7]

On February 8, 2021, Martinez made a written request for the police body camera footage of the incident from the City and the Department pursuant to Act 22 (the Act 22 request). The Department did not issue a formal denial of Martinez's Act 22 request. *See id.*[8] Nevertheless, the request was denied by operation of law on March 10, 2021.[9]

Prior to the denial of his request, on March 8, 2021, Martinez filed a petition for judicial review in the trial court, requesting (1) that a subpoena issue to the Department to produce the body camera footage and (2) IFP status. *See id.* at

---

[5]Attached to Martinez's petition are several emails with a City of Reading Law Department Paralegal regarding his RTKL request, RTK 21-0212-1. Pet. for Judicial Rev., 3/8/21, at Ex. A. Martinez's original RTKL request does not appear of record. *Id.*

[6] *See* Section 708(b)(16)-(17) of the RTKL, 65 P.S. § 67.708(b)(16)-(17).

[7] *See* 42 Pa. C.S. § 67A03 (relating to requests for law enforcement audio recordings or video recordings).

[8] On February 16, 2021, the City sent Martinez an email again denying his RTKL request at RTK 21-0212-1. *See* Pet. for Judicial Rev., 3/8/21, at Ex. A. However, it does not appear that this denial was addressed to Martinez's Act 22 request, as the email once again cited Section 708(b)(16) and (17) of the RKTL and directed Martinez to file a request pursuant to Act 22. *Id.* Further, the City solicitor admitted that a response to the Act 22 request was not filed. Notes of Testimony (N.T.) Hr'g, 7/2/21, at 5.

[9] *See* 42 Pa. C.S. § 67A05.

3.[10, 11] Martinez stated specifically that he needed the footage for evidence at his summary hearing before the magisterial district judge (MDJ). *Id.*

On July 2, 2021, the Department filed an initial response to the petition, averring that the matter was moot because the video and audio file Martinez requested had already been erased by the City's electronic data storage system. *See* Resp. to Pet., 7/2/21, at 1-2.[12] Later that day, the trial court held a brief hearing. Rather than ruling on the petition, the trial court transferred the matter to another judge of the same court. N.T. Hr'g, 7/2/21, at 11-12.

On July 7, 2021, Martinez appeared before the MDJ for a hearing on the summary harassment charge. At the conclusion of the hearing, the MDJ acquitted Martinez of the charge and dismissed the case.

On October 8, 2021, the trial court entered an order dismissing Martinez's petition as moot because he had been acquitted of the harassment charge. *See* Order, 10/8/21, at 1. Additionally, the trial court dismissed Martinez's request for IFP status as moot. *Id.*

Martinez timely filed a notice of appeal to this Court and simultaneously filed a "Statement of Issues on Appeal." The trial court treated this filing as his Pa.R.A.P. 1925(b) statement and issued an opinion in response.

---

[10] *See* 42 Pa. C.S. § 67A06 (if a request under Section 67A03 is denied, the requester may file a petition for judicial review in the court of common pleas with jurisdiction within 30 days of the date of the denial).

We note further that, although premature, the trial court accepted the petition as timely filed. *See*, *e.g.*, Pa. R.A.P. 905(a)(5) (providing that a premature notice of appeal is deemed timely filed after the entry of an appealable order and "on the day thereof").

[11] Martinez filed several petitions for mandamus against various magisterial district judges (MDJs) who had denied his request for similar subpoenas. *See* N.T. Hr'g, 7/2/21, at 6-7. Martinez did not appeal from the dismissal of these petitions, and they are not at issue in the instant appeal.

[12] The Department attached emails explaining the deletion and indicating that the City planned to change its policies to conform with the requirements of Act 22. *See* Resp. to Pet., 7/21/21, at Ex. A.

## II. ISSUE

Martinez asserts that his acquittal of summary criminal charges did not render moot his Act 22 request. Martinez's Br. at 7. According to Martinez, the Department's conduct in this case deprived him of exculpatory evidence. *See id.* at 9. This conduct, Martinez baldly suggests, is capable of repetition yet likely to evade review and implicates important public interests. *See id.* He therefore requests sanctions, costs, and attorney's fees as compensation. *Id*. at 10.[13]

In response, the Department asserts that Martinez's request is moot because the requested footage had been erased pursuant to its record retention policy in place at the time and because the charges against him had been dismissed. *See* Department's Br. at 6-7.[14] Further, the Department contends that no exceptions to the mootness doctrine apply because the matter no longer affects Martinez; the failure to preserve the recording was an error and not part of a policy capable of repetition and effect on the public without undergoing judicial review; and there is no strong issue of public interest to be examined. *See id.* at 7.

---

[13] Martinez's argument is difficult to parse and includes assertions that are irrelevant to his claim on appeal. *See* Martinez's Br. at 7-10. For example, Martinez suggests that the trial court erred because his criminal charges were still active on July 2, 2021, when the court continued this matter. *See id.* at 7. And yet, when the court *actually* ruled on his petition, on October 8, 2021, Martinez had been acquitted of summary harassment. Martinez also suggests that the trial court was "procedurally obligated" to enter judgment on his behalf. *See id.* at 8 (citing several rules of procedure relevant to civil pleadings but irrelevant in this context). We caution Martinez that while this Court liberally construes *pro se* pleadings, this Court cannot act as an appellant's counsel and develop his arguments for him. *See C.M. v. Pa. State Police*, 269 A.3d 1280, 1285 (Pa. Cmwlth. 2022) (stating that this Court is "neither obliged, nor even particularly equipped, to develop an argument for a party. To do so places the Court in the conflicting roles of advocate and neutral arbiter" (citation omitted)); *Finfinger v. Unemployment Comp. Bd. of Rev.*, 854 A.2d 636, 639 n.5 (Pa. Cmwlth. 2004) (acknowledging "the frequent necessity, and incumbent difficulty, of *pro se* representation by unemployed claimants . . . [and noting that], it is axiomatic that a layperson who chooses to represent himself in a legal proceeding must assume the risk that his lack of expertise and legal training may prove to be his undoing" (citation omitted)).

[14] The Department has since amended its policy, now "requiring preservation of any bodycam footage that is subject to a[n Act 22] request." Am. Resp. to Pet., 7/6/21, ¶ 13.

## III. ANALYSIS[15]

### A. Act 22 Requests Generally

Act 22 provides a means for citizens to request audio or video recordings made by a law enforcement agency. 42 Pa. C.S. § 67A02.[16] Upon receipt of an Act 22 request, the law enforcement agency shall provide the recording unless it determines that it contains potential evidence in a criminal matter, that the information related to an investigation, or that reasonable redaction of the recording would not safeguard the evidence or information. *See* 42 Pa. C.S. § 67A04(a).[17] If a request is denied, the requester may file a petition for judicial review in the court of common pleas. 42 Pa. C.S. § 67A06.

The common pleas court may grant the petition if it determines that the petitioner has established two elements by a preponderance of the evidence. First, the petitioner must establish that the denial was not to safeguard criminal evidence, or information related to an investigation, or that such justification was arbitrary or

---

[15] While there is not case law specifically setting out this Court's standard of review for the trial court's denial of an Act 22 request and petition for review, in RTKL appeals in which this Court sits as the appellate court, our review of the trial court's decision determines whether the findings of fact are supported by substantial evidence or whether the trial court committed an error of law or an abuse of discretion in reaching its decision. *In re Right to Know Law Request Served on Venango Cnty.'s Tourism Promotion Agency & Lead Econ. Dev. Agency*, 83 A.3d 1101, 1104 n.3 (Pa. Cmwlth. 2014).

[16] Act 22 serves a similar purpose to the RTKL, which is remedial in nature and "designed to promote access to official government information in order to prohibit secrets, scrutinize the actions of public officials, and make public officials accountable for their actions." *Pa. State Police v. McGill*, 83 A.3d 476, 479 (Pa. Cmwlth. 2014) (*en banc*).

[17] Subsection (a) states that "[e]xcept as provided in this section, if a law enforcement agency determines that an audio recording or video recording contains potential evidence in a criminal matter, information pertaining to an investigation or a matter in which a criminal charge has been filed, confidential information or victim information and the reasonable redaction of the audio or video recording would not safeguard potential evidence, information pertaining to an investigation, confidential information or victim information, the law enforcement agency shall deny the request in writing. The written denial shall state that reasonable redaction of the audio recording or video recording will not safeguard potential evidence, information pertaining to an investigation, confidential information or victim information." 42 Pa. C.S. § 67A04(a).

capricious. *Borough of Pottstown v. Suber-Aponte*, 202 A.3d 173, 183 n.13 (Pa. Cmwlth. 2019); 42 Pa. C.S. §§ 67A04, 67A06(e). Second, the petitioner must establish that "[t]he public interest in disclosure of the audio recording or video recording or the interest of the petitioner outweighs the interests of the Commonwealth, the law enforcement agency or an individual's interest in nondisclosure." *Borough of Pottstown*, 202 A.3d at 183 n.13 (quoting 42 Pa. C.S. § 67A06(e)(2)).

Here, the trial court did not address whether Martinez had established the required elements. *See generally* Trial Ct. Op., 1/14/22. Rather, the trial court concluded that Martinez's Act 22 request was moot due to his acquittal in the underlying criminal charges. *See id.* at 6. Thus, we turn to Martinez's claim on appeal.[18]

### B. Martinez's Act 22 Claim is Moot

Martinez challenges the trial court's determination that his Act 22 claim was moot. Martinez's Br. at 7. "The mootness doctrine requires an actual case or controversy to exist at all stages." *Dep't of Env't Prot. v. Cromwell Twp., Huntingdon Cnty.*, 32 A.3d 639, 651 (Pa. 2011). The existence of a case or controversy requires (1) a legal controversy that is real and not hypothetical; (2) a legal controversy that affects an individual in a concrete manner so as to provide the factual predicate for a reasoned adjudication; and finally, (3) a legal controversy with

---

[18] There is little doubt that the trial court could have denied his petition on the merits. The purpose of Act 22 is not to grant criminal defendants access to potentially exculpatory criminal evidence. *See* 42 Pa. C.S. § 67A04 (providing that a law enforcement agency may *deny* requests for potential evidence in a criminal matter if it may not be reasonably redacted). Rather, the proper method of obtaining exculpatory criminal evidence is through pretrial discovery. *See* Pa.R.Crim.P. 573(B) (providing that in all court cases, the Commonwealth must disclose any evidence favorable to the accused that is material either to guilt or to punishment).

Martinez's stated purpose for his request was that the video would be "used in a hearing before [a] magistrate [sic] judge." *See* Act 22 Request, 2/8/21, at 1. In short, Martinez sought the footage as exculpatory evidence in his criminal trial. Thus, Martinez's Act 22 request was improper and would not pass judicial review on the merits.

sufficiently adverse parties so as to sharpen the issues for judicial resolution. *See California Borough v. Rothey*, 185 A.3d 456, 463 (Pa. Cmwlth. 2018) (citation omitted). Parties must continue to have "a personal stake in the outcome" of the suit. *Mistich v. Pa. Bd. of Prob. & Parole*, 863 A.2d 116, 119 (Pa. Cmwlth. 2004). "An exception to mootness will be found where [the] conduct complained of is capable of repetition yet likely to evade judicial review, where the case involves issues of great public importance or where one party will suffer a detriment without the court's decision." *Rothey*, 185 A.3d at 463 (citation omitted).

In the instant case, the trial court dismissed Martinez's petition as moot because he had been acquitted of the criminal charges against him. Trial Ct. Op., 1/14/22, at 6. The trial court observed that Martinez had requested the video footage for the sole purpose of his upcoming criminal trial and reasoned that, once the MDJ had acquitted Martinez of the harassment charges, there was no longer a controversy. *Id*. Specifically, the court noted that, "[i]n light of the not [] guilty verdict . . . and in consideration of the fact that [Martinez] specifically was requesting the body camera footage for the sole purpose of defending himself at his summary harassment trial," the request was moot once the charges were dismissed. *Id.* We agree. By the time the trial court disposed of Martinez's petition for judicial review in October 2021, Martinez had not had active criminal charges against him for over three months. Accordingly, Martinez no longer had a personal stake in the outcome of his request, and the trial court appropriately dismissed his petition as moot. *See Mistich*, 863 A.2d at 119.

Additionally, no exceptions to the mootness doctrine apply to this case. Martinez will not suffer a detriment without a court decision on the merits, as he was acquitted of the charges for which he originally requested the body camera footage. Further, we discern no issue of great public importance for two reasons. First, as noted *supra*, Martinez wrongly sought criminal discovery via his Act 22 request.

7

Second, it appears that the Department has amended its record retention policies to comply with Act 22. *See* Am. Resp. to Pet., 7/6/21, ¶ 13. Finally, in light of the change in Department policy, the Department is unlikely to repeat this conduct. We decline to recognize an exception to the mootness doctrine under these circumstances. Accordingly, the trial court appropriately dismissed the petition as moot. *See Rothey*, 185 A.3d at 463.

## IV. CONCLUSION

For the foregoing reasons, we affirm the trial court's order dismissing Martinez's petition for judicial review and IFP petition as moot.[19]

_____
LORI A. DUMAS, Judge

---

[19] In light of our holding, we need not address Martinez's request for sanctions, costs, and attorney's fees. Nevertheless, we note that it is improper for Martinez to request attorney's fees, as he was representing himself in this matter. Further, Act 22 does not contemplate fines or sanctions as a remedy for an erroneous denial. Finally, Martinez develops no discernible argument regarding the trial court's denial of his request for IFP status. *See* Appellant's Br. at 7-10. Thus, we deem such claim waived on appeal. *See* Pa. R.A.P. 2119(a); *Browne v. Dep't of Transp.*, 843 A.2d 429, 435 (Pa. Cmwlth. 2004). Absent waiver, Martinez's claim for IFP status was rendered moot upon his acquittal.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gilbert M. Martinez,            :
            Appellant     :
                       :    No. 1208 C.D. 2021
       v.               :
                       :
City of Reading Police Department   :

# **O R D E R**

AND NOW, this 8th day of February, 2023, the October 8, 2021 order of the Court of Common Pleas of Berks County is AFFIRMED.

_____
LORI A. DUMAS, Judge