IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: Condemnation by Union Township, Washington County, Pennsylvania for Temporary Acquisition of Property for Municipal Purposes in the Township of Union, being the Lands of Martin E. Mader and Carla M. Mader being known as Parcel I.D. No. 640-001-00-00-0013-00 | : : : : : : : : : : : : | CASES CONSOLIDATED<br><br>Nos.  849 C.D. 2021<br>        850 C.D. 2021<br>Submitted: February 17, 2023 |
| Appeal of:  Martin E. Mader and Carla M. Mader | : : | |

BEFORE:    HONORABLE CHRISTINE FIZZANO CANNON, Judge
                      HONORABLE ELLEN CEISLER, Judge
                      HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                                                         FILED: June 22, 2023

Martin E. Mader and Carla M. Mader (Appellants) appeal, *pro se*, from the orders entered June 24, 2021, in the Washington County Court of Common Pleas (trial court), which overruled their preliminary objections to two declarations of taking (Declarations) filed by Union Township (the Township) pursuant to the Eminent Domain Code (Code).[1]  After careful review, we affirm.

## I. BACKGROUND[2]

Appellants are the owners of property located at 65 Cardox Road in Union Township, Washington County.  Cardox Road is a public roadway; the Township owns a 33-foot right-of-way along the road.  The Township developed a

---

[1] Eminent Domain Code, 26 Pa. C.S. §§ 101 – 1106.
[2] Unless otherwise stated, we base this recitation of facts on the trial court's opinion.  *See* Trial Ct. Op., 6/24/21, at 1-2.

plan for the road's improvement that required the installation of a permanent stormwater easement. This proposed easement would eliminate water runoff onto the roadway and prevent icing. Additionally, the Township sought a second, temporary, twelve-month easement for grading and tree removal for a road widening project. The Township first attempted to voluntarily secure easements from Cardox Road property owners, including Appellants; however, Appellants refused.

On July 8, 2020, the Township Board of Supervisors (Board) held a public meeting to initiate the Declarations. The Declarations were filed July 9, 2020, and July 20, 2020, in the trial court. On August 10, 2020, Appellants filed a "motion to set aside and vacate order of declaration of taking and notice of eminent domain condemnation." *See* Mot. to Set Aside, 8/10/20, at 1-8. On September 24, 2020, Appellants filed preliminary objections.[3] In these objections, Appellants averred that they were in federal court for a Chapter 13 bankruptcy action. The Township received an order granting relief from the automatic stay pursuant to 11 U.S.C. § 362 and Fed.R.Bank.P. 4001 and 9014 and proceeded with the condemnation actions.

On October 22, 2020, the Township filed a motion for leave of court to amend the Declarations. The trial court held a hearing on the motion. Subsequently, the trial court consolidated the Declarations, and the Township filed amended Declarations. Appellants filed preliminary objections to the amended Declarations. On August 2, 2021, the trial court held an evidentiary hearing. Both the Township and Appellants presented evidence and witness testimony. Ultimately, the trial court overruled Appellants' preliminary objections. Appellants timely appealed to this Court.

---

[3] The preliminary objections were nearly identical in form and content to Appellants' prior motion.

## II. ISSUES

Appellants list several issues with several additional subissues, which they seek to raise on appeal.[4] *See* Appellants' Br. at 12-14. Appellants first contend that the Board of Supervisors did not act lawfully in filing the Declarations. *See* Appellants' Br. at 12. In their second issue, Appellants appear to allege that there was a viable alternative to the takings and that the Township was "putting the drain to dump stormwater in order to flood [Appellants'] property for retaliation[.]" *See id.* In their final issue, Appellants claim that the Township did not have jurisdiction

---

[4] We caution Appellants that while we liberally construe *pro se* pleadings, this Court cannot act as appellants' counsel and develop their arguments for them. *See C.M. v. Pa. State Police*, 269 A.3d 1280, 1285 (Pa. Cmwlth. 2022) (stating that this Court is "neither obliged, nor even particularly equipped, to develop an argument for a party. To do so places the Court in the conflicting roles of advocate and neutral arbiter" (citation omitted)); *Finfinger v. Unemployment Comp. Bd. of Rev.*, 854 A.2d 636, 639 n.5 (Pa. Cmwlth. 2004) (acknowledging "the frequent necessity, and incumbent difficulty, of *pro se* representation by unemployed claimants . . . [and noting that], it is axiomatic that a layperson who chooses to represent himself in a legal proceeding must assume the risk that his lack of expertise and legal training may prove to be his undoing" (citation omitted)).

Appellants' brief is not separated into parts that correspond to the questions they seek to argue, lacks headings to signal the particular point therein, and fails to cite to relevant legal authority. Accordingly, we caution them that they risk waiver of their issues. *See Dobson Park Mgmt., LLC v. Prop. Mgmt., Inc.*, 203 A.3d 1134, 1139 (Pa. Cmwlth. 2019); *see also* Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part--in distinctive type or in type distinctively displayed--the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.").

Specifically, regarding Appellants' fourth issue, Appellants state: "Would the failure of the [trial court] to properly inspect the record of exhibits and/or evidence warrant *de novo*?" *See* Appellants' Br .at 14. Appellants do not develop this argument, cite appropriate legal authority, or, indeed, mention it in any discernible way after the statement of issues presented. Accordingly, we conclude that they have waived this issue for purposes of appeal. *Dobson Park Mgmt., LLC*, 203 A.3d at 1139.

to file the Declarations and that the Township violated Appellants' due process rights. *See id.*[5]

### III. ANALYSIS[6]

### A. General Principles

The right of the Commonwealth to take private property without the owner's assent "on compensation made" exists in its sovereign right of eminent domain. *See In re Condemnation by Commonwealth of Pennsylvania, Dep't of Transportation, of Right-of-Way of State Route 0443, Section 02S, in Twp. of Mahoning*, 255 A.3d 635, 642 (Pa. Cmwlth. 2021) (*Twp. of Mahoning*). Article I, section 10 of the Pennsylvania Constitution provides, in pertinent part, that "nor shall private property be taken or applied to public use, without authority of law and without just compensation being first made or secured." Pa. Const. art. I, § 10. Thus, the Pennsylvania Constitution authorizes the exercise of eminent domain for acquiring property for public use with the payment of just compensation. *See Twp. of Mahoning*, 255 A.3d at 643. The Commonwealth's power to acquire property by eminent domain extends to townships via Section 3401 of The Second Class Township Code, 53 P.S. § 68401.[7] Thus, the purpose of the Code is to provide

---

[5] Appellants also contend that the Township's engineer was not a qualified expert witness and take issue with the trial court's credibility determinations regarding that testimony. *See* Appellant's Br. at 13. However, they did not preserve this issue in their Pa.R.A.P. 1925(b) statement of errors complained of on appeal, and accordingly, have not preserved it for purposes of appeal. *See Commonwealth v. Rogers*, 250 A.3d 1209, 1224 (Pa. 2021).

[6] "Where a trial court has either sustained or overruled preliminary objections to a declaration of taking, our scope of review is limited to determining whether the trial court abused its discretion or committed an error of law." *In re Condemnation of Certain Props. & Prop. Ints. for Use as Pub. Golf Course*, 822 A.2d 846, 849 n.6 (Pa. Cmwlth. 2003).

[7] The Second Class Township Code, Act of May 1, 1933, P.L. 103, *as amended*, 53 P.S. §§ 65101-68701. Union Township, Washington County, is a Second Class Township. https://dced.pa.gov/local-government/municipal-statistics/municipalities/ (last visited May 31, 2023).

4

procedures governing the exercise of the sovereign's inherent power to condemn property for public purposes. *See Twp. of Mahoning*, 255 A.3d at 643.

In condemnation proceedings, there are two distinct phases: the first goes "to the propriety and validity of the taking, including whether a taking has been affected;" the second goes to damages. *Phila. Redevelopment Auth. v. Atuahene*, 229 A.3d 1002, 1007 (Pa. Cmwlth. 2020). This first phase involves the filing of preliminary objections, as in the instant matter. *See, e.g.*, *id.* "Preliminary objections in eminent domain proceedings are different from those in other proceedings. Preliminary objections are the sole method by which a condemnee may challenge the declaration of taking.*" In re Condemnation Proceeding by S. Whitehall Twp. Auth.*, 940 A.2d 624, 627 n.2 (Pa. Cmwlth. 2008); *see also* Section 306(a) of the Code, 26 Pa.C.S. § 306(a). Accordingly, in eminent domain matters, "preliminary objections are intended as a procedure to resolve expeditiously the factual and legal challenges to a declaration of taking before the parties proceed to determine damages." *Twp. of Millcreek v. Angela Cres Tr. of June 25, 1998*, 142 A.3d 948, 951 n.2 (Pa. Cmwlth. 2016). Issues of damages and compensation are, therefore, appropriately brought in a petition to appoint a board of viewers and not in preliminary objections. *See, e.g.*, *Atuahene*, 229 A.3d at 1007.

Additionally, the Code limits preliminary objections to challenges to: (i) the power of the condemnor to take the condemned property; "(ii) [t]he sufficiency of the security[;] (iii) [t]he declaration of taking[; and] (iv) [a]ny other procedure followed by the condemnor." 26 Pa. C.S. § 306(a)(3)(i)-(iv); *see also In re Condemnation by Dep't of Transp., of Right-Of-Way for State Route 0022, Section 034 in Twp. of Frankstown v. Commonwealth*, 194 A.3d 722, 734 (Pa. Cmwlth. 2018). "Objections that do not fall within those described above are not proper

subjects for preliminary objections to a taking, but are collateral in nature and will not be considered." *Twp. of Frankstown*, 194 A.3d at 734. "Collateral matters include challenges to the procedure in which a municipality adopts an ordinance or resolution authorizing a condemnation or an assertion that the taking does not comply with a statute or regulations." *See id.*

When ruling on preliminary objections, the trial court's standard of review is limited to determining whether a township is "guilty of fraud, bad faith, or . . . committed an abuse of discretion." *Twp. of Mahoning*, 255 A.3d at 644-45 (citation omitted). Appellants bear the burden of proving that the Township abused its discretion; the law presumes that a municipality has acted properly when filing declarations of taking. *See id.* (citation omitted). Pursuant to established case law, "a taking must be for an authorized use, follow a suitable investigation leading to an intelligent, informed judgment, and be a well-developed plan of proper scope. However, a condemnor is not required to follow any set criteria in choosing a site. All that is required is that an investigation be conducted so that the decision to condemn is an informed judgment." *See id.* at 644-45 (citations omitted and formatting altered).

## B. Lawfulness of Declaration

In their first issue, Appellants argue that the Township did not act lawfully when filing the Declarations. *See* Appellants' Br. at 12. They point to four reasons they believe the Declarations were not lawfully filed: (1) when voting on the Declarations, there were "illegal appointments of voting members;" (2) due to these alleged illegitimate votes, the Board had an improper quorum; (3) members of the Board had alleged conflicts of interest; and (4) the Storm Water Management Act

6

(SWMA)[8] "protects against altering the flow of stormwater from flooding private property." *See* Appellants' Br. at 12.

Instantly, the trial court observed that this issue was not raised in Appellants' preliminary objections and thus was waived, and further, was not a proper subject for preliminary objections under the Code. *See* Trial Ct. Op. at 8. We agree. Collateral matters are not appropriate subjects for preliminary objections, and these collateral matters include challenges to the procedure authorizing a condemnation. *See Twp. of Frankstown*, 194 A.3d at 734. Nor is the SWMA an appropriate preliminary objection. *See id.* at 737. Accordingly, the trial court did not err or abuse its discretion in overruling the preliminary objections for this reason. *In re Condemnation of Certain Props. & Prop. Ints. for Use as Pub. Golf Course*, 822 A.2d at 849 n.6.

## C. Viable Alternative to Takings

In their second issue, Appellants appear to allege that there was a viable alternative to the takings. *See* Appellants' Br. at 12. They contend that the Township could have widened the other side of Cardox Road and dispute the Township's averment that moving the project would cost an additional $80,000. *See id.* Appellants claim, without evidentiary support, that the takings were an attempt by the Township to flood their property as some sort of retaliatory measure. *See id.*

Although this is also not a proper preliminary objection, the trial court found these assertions "immaterial. The Township identified the property it intended to take" and alternative plans proposed by Appellants were "not before this [court]." Trial Ct. Op. at 6. The trial court characterized this issue as a challenge to the particular design of the Township's plan and concluded this was not an appropriate

---

[8] Act of October 4, 1978, P.L. 864, *as amended*, 32 P.S. §§ 680.1-680.17.

preliminary objection.  *See id.* (citing *Hartford Twp. v. Bandurick*, 660 A.2d 189, 192 (Pa. Cmwlth. 1995).  We see no error in these conclusions.  Accordingly, the trial court did not err or abuse its discretion in overruling the preliminary objections for this reason.  *In re Condemnation of Certain Props. & Prop. Ints. for Use as Pub. Golf Course*, 822 A.2d at 849 n.6.

### E. Jurisdiction and Due Process

In their final issue, Appellants claim that the Township did not have jurisdiction to file the Declarations and that the Township violated their due process rights.  *See* Appellants' Br. at 14.  Specifically, they state that "the Township [lost] jurisdiction to assert the takings by improper adherence to Pennsylvania law and parliamentary law."  *Id*.  They believe that the Township "lost jurisdiction" due to an alleged lack of proper quorum and because the Township "did not properly appoint voting members of the Board of Supervisors statutorily."  *Id.*  They cite no relevant legal authority in support of these points.  Further, Appellants claim, again without citation to relevant legal authority, that "[the Township] never had a Right to even start the Cardox Road project or take Appellants' property and violated the Appellants['] procedural due process Rights."  *Id.*

We first address Appellants' jurisdictional claim and note that, once again, they have failed to cite any relevant legal authority or develop their arguments. For instance, in support of their claim that the Township lost jurisdiction to "assert the takings," Appellants cite *Johnson v. Zerbst*, 304 U.S. 458, 468 (1938), a United States Supreme Court case discussing a defendant's right to counsel in criminal cases.  *See* Appellants' Br. at 14.  Appellants also cite generally and without further elaboration *Joyce v. United States*, 474 F.2d 215 (3d Cir. 1973), a United States Court of Appeals for the Third Circuit case involving the subject matter jurisdiction

8

of the district court to adjudicate a postal employee's workplace injury where the plaintiff had not first exhausted his administrative remedies. *See id.* at 219. To the extent that Appellants attempt to challenge the quorum and voting procedures, we have already determined that these are not issues properly raised in preliminary objections. Beyond those issues, Appellants have failed to meaningfully develop this argument, and have waived it for purposes of appeal. *See Dobson Park Mgmt., LLC*, 203 A.3d at 1139.[9]

In support of their claim that the Township violated Appellants' procedural due process rights, Appellants cite *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980), which discusses due process and the power of a state court to render a valid personal judgment against a nonresident defendant. *See* Appellants' Br. at 14 (citing *World-Wide Volkswagen Corp.*, 444 U.S. at 291-92). There is no dispute that Appellants are residents of Union Township; these jurisdictional concerns do not apply here. Beyond this bare citation and statement, Appellants have failed to meaningfully develop this argument in their brief, and accordingly, have waived it for purposes of appeal.[10] *See Dobson Park Mgmt., LLC*, 203 A.3d at 1139.

_____

[9] Appellants also cite to Mason's Manual of Legislative Procedure. *See* Appellants' Br. at 14. Pennsylvania Senate Rule 26 provides that Mason's Manual of Legislative Procedure governs "the Senate in all cases to which [it is] applicable, and in which [it is] not inconsistent with the Standing Rules, Prior Decisions and Orders of the Senate." RULES OF THE SENATE OF PENNSYLVANIA (2023-24), Rule 26; *see also* 101 Pa. Code § 7.32. However, it is unclear from the record or Appellants' brief whether Union Township has adopted these rules.

[10] In the trial court, Appellants argued that they had been deprived of due process because the easement agreements were a sham and that the Township lacked transparency in its action. *See* Trial Ct. Op. at 7. The trial court "found no instance of lack of due process," particularly after the Township filed amended declarations of taking to correct notice defects. *See id.* The trial court found that Appellants were duly served and provided opportunities to be heard. *See id.*

## IV. CONCLUSION

For the foregoing reasons, Appellants have either waived their issues for purposes of appeal, failed to raise an appropriate issue for preliminary objections, or failed to establish that the trial court abused its discretion or committed an error of law in overruling said objections.  Accordingly, we affirm.

LORI A. DUMAS, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: Condemnation by Union | : | CASES CONSOLIDATED |
| Township, Washington County, | : | |
| Pennsylvania for Temporary | : | |
| Acquisition of Property for Municipal | : | Nos. 849 C.D. 2021 |
| Purposes in the Township of | : | 850 C.D. 2021 |
| Union, being the Lands of Martin E. | : | |
| Mader and Carla M. Mader being | : | |
| known as Parcel I.D. No. | : | |
| 640-001-00-00-0013-00 | : | |
| | : | |
| Appeal of: Martin E. Mader and | : | |
| Carla M. Mader | : | |

# **O R D E R**

AND NOW, this 22nd day of June, 2023, the orders entered by the

Washington County Court of Common Pleas in the above-captioned matter on June

24, 2021, are AFFIRMED.

_____
LORI A. DUMAS, Judge