IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Todd Elliott Koger,                           :
                              Petitioner      :
                                              :
            v.                                :    No. 777 C.D. 2022
                                              :    Submitted: March 31, 2023
Pennsylvania Housing Finance                  :
Agency,                                       :
                              Respondent      :

BEFORE:    HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE ELLEN CEISLER, Judge
           HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                                            FILED: July 26, 2023


            Todd Elliott Koger (Koger) *pro se* petitions for review of the order of

the Pennsylvania Housing Finance Agency (PHFA, or the Agency),[1] which deemed

him ineligible for federally funded, homeowners' financial assistance.  After careful

review, we affirm the determination and deny Koger's additional applications for

relief filed in this Court.

## I. BACKGROUND

            In February 2022, Koger applied for PAHAF assistance for the subject

property located at 515 Kelly Avenue, Pittsburgh, Pennsylvania 15221 (subject

property).  *See* Application, 2/4/22, at 1-8.  Following a review of Koger's

supporting documentation, the Agency determined that Koger was ineligible for

---

[1] The Pennsylvania Homeowner Assistance Fund (PAHAF) is a federally funded program established under Section 3206 of the American Rescue Plan Act of 2021.  *See* 15 U.S.C. § 9058d. To implement this program and distribute the federal funds, the Pennsylvania General Assembly authorized the formation of the PHFA.  *See* the Act of April 9, 1929, P.L. 343, *as amended*, added by the Act of June 30, 2021, P.L. 62, No. 24, Cl. 72., 72 P.S. § 101-F - 103-F (the Act).

assistance because he did not hold legal or equitable title to the subject property. *See* Determination, 5/19/22, at 1. Koger appealed the determination. *See* Note/Communication, 6/27/22, at 1. In subsequent emails, Koger acknowledged that Todd Elliott Koger, Jr.,[2] was the sole owner with legal and equitable title to the subject property. *See* Email, 6/21/22, at 1. For that reason, the Agency appeal committee also deemed Koger ineligible for PAHAF assistance. *See* Determination, 6/27/22, at 1. Koger timely petitioned this Court for review.

## II. ISSUES

On appeal, Koger does not meaningfully challenge the Agency's determination that he was not the record owner of the property and, thus, not entitled to funds.[3] Rather, Koger's arguments concern the alleged findings of the Allegheny County Court of Common Pleas in a tax upset sale matter and his interpretation of the effect of the Agency's determination on that matter. *See* Pet'r's Br. at 7.

## III. DISCUSSION[4]

It is within the Agency's purview to administer the Homeowners' Assistance Grant Program by providing the following services to eligible

---

[2] Todd Elliott Koger, Jr. is Todd Elliott Koger's son. *See* C.R. 31, Email, 6/6/22.

[3] We caution Koger that while we liberally construe *pro se* pleadings, this Court cannot act as petitioner's counsel and develop his arguments for him. *See C.M. v. Pa. State Police*, 269 A.3d 1280, 1285 (Pa. Cmwlth. 2022) (stating that this Court is "neither obliged, nor even particularly equipped, to develop an argument for a party. To do so places the Court in the conflicting roles of advocate and neutral arbiter" (citation omitted)); *Finfinger v. Unemployment Comp. Bd. of Rev.*, 854 A.2d 636, 639 n.5 (Pa. Cmwlth. 2004) (acknowledging "the frequent necessity, and incumbent difficulty, of pro se representation by unemployed claimants . . . [and noting that], it is axiomatic that a layperson who chooses to represent himself in a legal proceeding must assume the risk that his lack of expertise and legal training may prove to be his undoing" (citation omitted)).

[4] This Court's scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Rehab. Ctr. & Workshop, Inc. v. Commc'n on Charitable Orgs.*, 405 A.2d 980, 983 (Pa. Cmwlth. 1979); 2 Pa. C.S. §704. Substantial evidence is defined as

individuals: mortgage payment assistance; financial assistance to allow a homeowner to reinstate a mortgage or to pay other housing-related costs related to a period of forbearance, delinquency or default; principal reduction; facilitating interest rate reductions; payment assistance, including for utilities, internet service, insurance, and fees; any other assistance to promote housing stability for homeowners, "including preventing mortgage delinquency, default, foreclosure, [post foreclosure] eviction or ejectment of a homeowner, or the loss of utility or home energy services, to the extent permitted by Federal law or guidance." *See* Section 102f of the Act, 72 P.S. § 102-F. The Agency itself is tasked with the power and duty to make plans for the use of the Commonwealth's share of the funds as well as to implement and administer the program in accordance with federal law and guidance. *See* Section 103 of the Act, 72 P.S. 103-F.

Instantly, the Agency appeal committee determined that by Koger's own admission, he was not eligible for the PAHAF program. *See* Appeal Determination, 6/27/22, at 1. Based upon the determination, the record, and the applicable policy, the appeal committee did not violate Koger's constitutional rights, commit an error of law, or fail to support its findings of fact with substantial evidence. *Rehab. Ctr. & Workshop, Inc*, 405 A.2d at 983; 2 Pa. C.S. §704. Accordingly, to the extent that Koger challenges that finding, we affirm the order of the Agency.

To the extent that Koger has raised in his brief and numerous filings before this Court issues that go beyond the jurisdiction of the Agency's

---

such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Younkin v. Bureau of Pro. & Occupational Affairs*, 774 A.2d 1281 (Pa. Cmwlth. 2001). For questions of law and statutory construction, our review is plenary. *Malt Beverages Distribs. Assoc. v. Pa. Liquor Control Bd.*, 8 A.3d 885, 892 (Pa. 2010).

determination regarding his eligibility for federal homeowners' assistance funds, we deny all outstanding motions.[5]

## IV. CONCLUSION

Accordingly, we affirm the order of the PHFA and deny Koger's applications for relief.

_____
LORI A. DUMAS, Judge

---

[5] Koger has filed five petitions raising substantially similar issues, namely, that the Wilkinsburg School District and the Allegheny County Court of Common Pleas have allegedly and in error sued him for back taxes owed on the subject property. *See* Ancillary Pet. for Rev., 7/22/22, at 1-8; Appl. to Consolidate, 9/28/22 at 7-14; Appl. for Relief, 9/27/22, at 2-10; Second Appl. for Summary Relief, 12/4/22, at 1-3; Pet. for Emergency Relief, 5/20/23, at 6-14. All of these petitions concern an Allegheny County Court of Common Pleas matter, docketed at GD-05-18165, which is not currently on appeal before this Court, and are beyond the scope of the Agency's jurisdiction to consider. *See* 72 P.S. § 101-F - 103-F (discussing, generally, the purview of the PHFA).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Todd Elliott Koger, : 
              Petitioner : 
                   : 
          v. :  No. 777 C.D. 2022 
                   : 
Pennsylvania Housing Finance : 
Agency, : 
            Respondent : 

# **O R D E R**

AND NOW, this 26th day of July, 2023, the order of the Pennsylvania Housing Finance Agency, entered June 27, 2022, is AFFIRMED. Todd Elliott Koger's Ancillary Petition for Review, filed July 22, 2022; Application for Relief, filed September 27, 2022; Second Application for Summary Relief, filed December 4, 2022; and Petition for Emergency Relief, filed May 20, 2023, are DENIED.

                                     _____

                                     LORI A. DUMAS, Judge